UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**VIRGILIO FERNANDO ACEVEDO,**                Chapter 13
    Debtor                                Case No. 12-12393-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. INTRODUCTION

The matters before the Court are the Chapter 13 Trustee's Motion to Dismiss the Debtor's Chapter 13 case, and the Debtor's Motion to Convert Chapter 13 Case to Chapter 11. The Chapter 13 Trustee seeks dismissal of the Debtor's Chapter 13 case, on the ground that his so-called "Fifth Amended Chapter 13 Plan," which in actuality, is the Debtor's Sixth Amended Chapter 13 Plan,[1] is not confirmable, and there has been unreasonable delay that is prejudicial to creditors. *See* 11 U.S.C. § 1307(c)(1). The Court heard the Chapter 13 Trustee's Motion to Dismiss and the Debtor's Motion to Convert on April 3, 2014 and afforded the Debtor the opportunity to submit documentary evidence as to his alleged ownership interests in various parcels of real estate in Rincon, Puerto Rico, which the Debtor averred were not the subject of the adversary proceeding that this Court transferred to the United States Bankruptcy Court for the District of Puerto Rico - - an

---

[1] The Debtor filed two plans captioned "First Amended."

1

adversary proceeding which involves over forty defendants and claims arising over forty years ago.

Certain defendants in the adversary proceeding, namely Subway Real Estate Corp. and Subway Real Estate, LLC (collectively "Subway"), objected to conversion of the Debtor's Chapter 13 case to Chapter 11 and filed a Reply to the Debtor's post-hearing submissions, to wit: two Certificates of Tax Lien Cancellations for the Debtor's deceased father and mother, and an exhibit listing three parcels of land in which the "Debtor claims a 1/3 ownership interest."

## II. BACKGROUND AND FINDINGS

The Debtor filed a Chapter 13 petition on March 23, 2012. He previously filed a Chapter 13 petition on July 14, 2010 which was dismissed on August 5, 2010 for failure to file required documents. In the two years since the commencement of his present case, the Debtor has not obtained confirmation of a Chapter 13 plan. The Debtor formerly was employed as a professor at Roxbury Community College. At the commencement of his bankruptcy case, he disclosed that he was employed as a paralegal in the office of his bankruptcy counsel and that his average monthly income is approximately $1,790.

As noted above, the Debtor has filed numerous Chapter 13 plans. In his latest plan, the Debtor listed priority claims owed to the Internal Revenue Service, the Massachusetts Department of Revenue, and the New Jersey Motor Vehicle Commission totaling $16,088.03; he listed general unsecured claims totaling $59,447.78, excluding student loan

debt in the amount of $44,314.33.[2]  He indicated in his plan that he intended to fund plan payments with the proceeds of the litigation which is now pending in the bankruptcy court in Puerto Rico.

The Chapter 13 Trustee objected to the Debtor's plan, which was filed on May 17, 2013, on a number of grounds, including his failure to provide for the payment of any proceeds from the adversary proceeding to his creditors who are scheduled to receive a 0% dividend.  In addition, she moved to dismiss the Debtor's Chapter 13 case, asserting that the Debtor's current plan provides for monthly payments of $335.31 and a 0% dividend to unsecured creditors and is predicated in part on an objection to the claim of Educational Credit Management Corporation ("ECMC"), although the Court overruled the Debtor's objection to ECMC's student loan claim on October 17, 2013.  In her Motion, the Trustee stated that the plan fails to include ECMC's claim as a non-dischargeable, unsecured claim.  In addition, the Trustee stated that the Debtor is in arrears according to the terms of his plan totaling $1,924.20, which is equal to 5.74 months of plan payments, excluding the current month's plan payment.  She added that the Debtor has not made a payment to the Trustee since May, 2013 and is not providing for turnover of his monthly disposable income to the Trustee for repayment of creditors. The Trustee asserted that "the Debtor's failure to submit a confirmable plan and make payments has caused unreasonable delay that is prejudicial to the creditors, and grounds for dismissal pursuant to 11 U.S.C.

---

[2] At the hearing, counsel to the Debtor represented that the student loan debt was higher.

§1307(c)."

At the hearing on her present Motion to Dismiss, the Chapter 13 Trustee stated that she had received a total of $4,782 from the Debtor. She reiterated that she had received no payments since May of 2013.

In responding to the Chapter 13 Trustee's present Motion to Dismiss, the Debtor admitted that he is in arrears in his Chapter 13 payments, adding "Debtor is in the process of becoming current with the Chapter 13 Trustee's monthly payments. In the event that Debtor cannot become current . . . he will convert to a petition under Chapter 11," where, the Court notes, he would not be required to make monthly plan payments.

In his Motion to Convert, the Debtor stated: "Debtor does not have sufficient income at this time to comply with his Chapter 13 payment obligations and cannot amend the amend [sic] the current plan to meet the same due to feasibility." Thus, he admitted that his Chapter 13 plan is not feasible. The Debtor added that he "has secured," with the assistance of Counsel, "prospective investors in his case [the adversary proceeding] for the benefit of his creditors."

The Debtor's representation, through counsel, that he had secured investors was inaccurate. At the April 3, 2014 hearing, Debtor's counsel admitted that the Debtor had not secured investors, that there was "nothing concrete," and that, in fact, she only had arranged a meeting with a potential investor on April 21, 2014.

In addition, at the April 3, 2014 hearing, counsel to the Debtor maintained that the Debtor has ownership interests in properties that were undisputed and that the Debtor

4

could use monies paid to the Chapter 13 Trustee in the sum of $4,782 to pay quarterly fees to the U.S. trustee. *See* 28 U.S.C. § 1930(a)(6). Counsel to the U.S. trustee expressed reservations that the Debtor could propose a reasonable plan within a reasonable period of time.

The documentation submitted by the Debtor following the April 3, 2014 hearing fails to establish that the Debtor, in fact, has undisputed interests in properties in Rincon, Puerto Rico. The Debtor provided the Court with no explanation of how Certificates of Tax Lien Cancellation establish ownership, and the "Other real estate properties (parcels of land)" listed were ones in which the Debtor only "claimed" a 1/3 ownership interest. None of the documentation unequivocally established ownership. Based upon the evidence submitted by counsel to the Debtor, and the absence of any credible evidence that the Debtor could obtain investors that would fund his litigation consistent with all applicable ethical rules, the Court concludes that the Debtor failed to establish ownership interests in property in Rincon, Puerto Rico. Specifically, the Court cannot conclude that Certificates of Tax Lien Cancellation establish ownership of property, and the Debtor's claims to 1/3 ownership interests in three parcels of land are just that, "claims," which are unsupported by the filing of an amended Schedule A under penalty of perjury.

In seeking to convert his Chapter 13 case to Chapter 11, the Debtor also stated the following:

> Debtor's assets and income, other than the one he earns from employment, are tied to an adversary proceeding (13-01094 JNF) that this Court transferred to the District of Puerto Rico (now with docket #13-0024 EAG). Such

> adversary proceeding might take years to prosecute due to the number of involved defendants and assets involved.

The Debtor added:

> . . . Debtor has conferred with both the Chapter 13 Trustee, U.S. Attorney's Office, and largest creditors regarding this matter (Internal Revenue Service and the Massachusetts Department of Revenue) and has no [sic] received no objections regarding conversion.
>
> *. . . Debtor's debt restructuring is based on his success in prosecuting the above mentioned adversary proceeding and such will be the basis of a proposed Chapter 11 plan of reorganization. Debtor has secured, with the assistance of Counsel, prospective investors in his case for the benefit of his creditors.*
>
> . . . None of the defendants in the adversary proceeding are creditors of Debtor.
>
> . . . Debtor's bankruptcy attorney of record has just recently been admitted and allowed to continue with the representation of Debtor in the District of Puerto [sic] for the adversary proceeding after being required to engage local counsel.

### III. DISCUSSION

Section 1307(c) provides that, "on request of a party in interest or the United States trustee and after notice and a hearing," the court, for cause, may dismiss a case under chapter 13 or convert the case to chapter 7, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1307(c).  As noted by the United States Bankruptcy Appellate Panel of the First Circuit in <u>Zizza v. Pappalardo (In re Zizza)</u>, 500 B.R. 288 (B.A.P. 1st Cir. 2013), "'[t]he moving party under [ ] § 1307(c) bears the burden of proof." <u>Id.</u> at 292 (citing <u>In re O'Neal</u>, No. 10–22931, 2011 WL 2117017, at *6 (Bankr. D. Mass. May 23, 2011) (citation omitted).  Cause for dismissal is not specifically defined in section 1307, but subsection (c)

sets forth non-exclusive list of eleven examples of cause. See 11 U.S.C. § 1307(c).[3] *See* Torres

---

[3] Section 1307(c) provides:

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--

>(1) unreasonable delay by the debtor that is prejudicial to creditors;

>(2) nonpayment of any fees and charges required under chapter 123 of title 28;

>(3) failure to file a plan timely under section 1321 of this title;

>(4) failure to commence making timely payments under section 1326 of this title;

>(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

>(6) material default by the debtor with respect to a term of a confirmed plan;

>(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

>(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

>(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);

Martinez v. Arce (In re Torres Martinez), 397 B.R. 158, 166 (B.A.P. 1st Cir. 2008).

The Chapter 13 Trustee in her Motion noted that the Debtor, who is proposing no payments to unsecured creditors, has not made a plan payment since May of 2013 and is not turning over his month disposable income to her for payment to creditors. The Debtor responded by representing he was seeking an investor to continue with litigation now pending in the United States Bankruptcy Court for the District of Puerto Rico and by filing a Motion to Convert. In his Motion to Convert, he admitted that he had insufficient income to comply with his Chapter 13 obligations, that his Chapter 13 plan was not feasible, and that any Chapter 11 plan, like his Chapter 13 plan, would be predicated on the outcome of the adversary proceeding which he admitted "might take years to prosecute."

The Debtor's representations unequivocally establish grounds for dismissal of his Chapter 13 case. Moreover, conversion of the Debtor's Chapter 13 case to Chapter 11 is simply a dilatory tactic. Under those circumstances, the Court finds that the Chapter 13 Trustee has satisfied her burden with respect to her Motion to Dismiss. The Debtor admitted that he cannot propose a feasible Chapter 13 plan, although his Chapter 13 case has been pending for over two years. Accordingly, the Court finds that there has been

---

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or

(11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).

unreasonable delay that is prejudicial to creditors and shall enter an order dismissing the Debtor's Chapter 13 case, unless the Debtor elects to convert his Chapter 13 case to a case under Chapter 7.

Pursuant to 11 U.S.C. § 1307(d), "at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court *may* convert a case under this chapter to a case under chapter 11 . . . ." (emphasis supplied). Because the Debtor admittedly cannot propose a feasible Chapter 13 plan, and, because a successful conclusion with respect to the litigation of the adversary proceeding pending in Puerto Rico, in the Debtor's words, "might take years to prosecute due to the number of involved defendants and assets involved," the Court finds that the Puerto Rican litigation is speculative and unlikely to enable the Debtor to propose a reasonable Chapter 11 plan within a reasonable amount of time. Accordingly, the Court concludes conversion to Chapter 11 is unwarranted.

Cause for conversion of a Chapter 11 case to Chapter 7 or dismissal includes "the absence of a reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A). The Debtor's case has been pending for over two years. Because of the nature of the Debtor's claims in the adversary proceeding, it is unlikely that the Debtor could propose a confirmable Chapter 11 plan within another two years. The conversion of the Debtor's case to Chapter 11 would be futile, as "cause" would exist for conversion or dismissal of the Chapter 11 case within a short period of time. In sum, the rehabilitative Chapters of the Bankruptcy Code contemplate repayment plans. The Debtor's "plan" to convert to Chapter

9

11 to avoid monthly payment of his disposable income is not the type of plan required in a Chapter 11 case. His Chapter 11 plan is illusory.

The Court denies the Debtor's Motion to Convert his Chapter 13 case to a case under Chapter 11. The Debtor has insufficient income to propose a feasible Chapter 11 plan. A plan predicated upon litigation that is both speculative and protracted is not recipe for a successful Chapter 11 case. The Debtor has failed to convince this Court that conversion from Chapter 13 to Chapter 11 would be anything other than a futile gesture to gain more time to propose a plan based on litigation the success of which is uncertain.

### IV. CONCLUSION

In view of the foregoing, and based upon the entire record of proceedings in this case, the Court shall enter an order granting the Chapter 13 Trustee's Motion to Dismiss and denying the Debtor's Motion to Convert. The Court shall postpone the effectiveness of the order of dismissal for seven days to afford the Debtor the opportunity to convert his Chapter 13 case to a case under Chapter 7.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: April 24, 2014